IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Frances B. Kopechy, )
) Cv. No. 3:14-cv-1200
        Plaintiff, )
vs. )
) District Judge Campbell
Hartford Life and Accident Ins. Co. ) Magistrate Judge Brown
)
        Defendant, )
)
)
)

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Hartford Life and Accident Ins. Co.'s ("Defendant's") motion to dismiss Count II of the complaint for failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6) (Docket Entry 13). For the reasons set forth herein, the Magistrate Judge recommends that Defendant's motion be **DENIED** without prejudice to refile at a later date.

## BACKGROUND

Until she allegedly became permanently disabled in February of 2008, Ms. Frances Kopechy ("Plaintiff") was employed by Vanderbilt University in Nashville, Tennessee, as a neurologist. (Complaint, Docket Entry ("Doc.") 1, p. 3 ¶ 9) By virtue of her employment, Plaintiff was eligible for long term disability benefits through Vanderbilt's Employee Welfare Benefit Plan ("the Plan"). Those benefits are provided for and governed by Defendant's policy GLT675024. (Complaint at pp. 1-2 ¶¶ 4-5) The Plan, as well as Defendant's conduct in regard to Plan benefits, are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Complaint at p. 2 ¶¶ 6-7) Under the terms of the Plan, Defendant is a fiduciary and administrator of the Plan's long term disability benefits. (Complaint at p. 3 ¶ 7)

In November of 2007, Plaintiff allegedly began suffering from lumbar radiculopathy which prevented her from "performing all the essential duties of her" employment and necessitated her resignation from Vanderbilt during February of 2008. (Complaint at p. 2 ¶¶ 10-12) Accordingly, Plaintiff filed for disability benefits under the Plan in July of 2008 and her claim was approved by Defendant in November with an effective date of August 25, 2008. (Complaint at p. 4 ¶¶ 14-15) According to Defendant's approval, Plaintiff would continue receiving benefits through August 7, 2010. (Complaint at p. 4 ¶¶ 14-15)

On July 28, 2008, at the conclusion of its investigation, Defendant notified Plaintiff that she met the policy's definition for long term disability and would continue receiving benefits under the Plain subsequent to the August 7, 2010 date, but in no way beyond February 20, 2031. (Complaint at p. 4 ¶ 17) However, subsequent to an independent examination performed at Defendant's insistence, Plaintiff was notified on September 15, 2011 that she no longer met the policy's definition of disabled as of September 7, 2011. (Complaint at p. 5 ¶¶ 18-20) Plaintiff appealed this unfavorable ruling, but Defendant affirmed its original decision to deny Plaintiff's long term disability benefits on May 22, 2012. (Complaint at p. 5 ¶ 23)

Plaintiff instituted the instant suit on May 20, 2014, alleging two causes of action. (Doc. 1) In Count I, Plaintiff asserts that Defendant, through bias or self-dealing, wrongfully denied the benefits she is entitled to under the terms of the Plan. Accordingly, Plaintiff prays for relief under 29 U.S.C. § 1132(a)(1)(B) ("§ 502(a)(1)(B)") in the form of the benefits she was wrongfully denied. (Complaint, Doc. 1, p. 6 -7) In Count II, Plaintiff alleges that Defendant breached the fiduciary duty of fidelity to act "solely in the interests of participants and beneficiaries" of the Plan mandated by 29 U.S.C. § 1104(a). (Complaint at p. 6 ¶¶ 29-31) Accordingly, Plaintiff prays for relief under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)") in the form

of disgorgement of profits earned on the monies wrongfully denied to her. (Complaint at p. 6-7) Defendant filed answer to Plaintiff's complaint on June 27, 2014 and concurrently moved for dismissal of Plaintiff's claims in Count II of the complaint for failure to state a claim to relief under Fed. R. Civ. P. 12(b)(6). (Answer, Doc. 14; Motion to Dismiss, Doc. 13) Plaintiff responded to the instant motion on July 9, 2014. (Response, Doc. 17)

This matter is properly before the Court.

## **ANALYSIS & DISCUSSION**

Defendant asserts that Plaintiff's request for relief under ERISA § 502(a)(3) amounts to repackaging of her claims in Count I under ERISA § 502(a)(1)(B). (Defendant's Motion to Dismiss ("M. to Dismiss"), Doc. 13, p. 1) Defendant argues that because Plaintiff may bring her claims under § 502(a)(1)(B) and may acquire the benefits she was denied, her § 502(a)(3) claims are duplicative and precluded under the reasoning in *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998). While the court in *Wilkins* did hold that "[b]ecause [§ 502(a)(1)(B)] provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits [precluded] his claims for breach of fiduciary duty pursuant to [§ 502 (a)(3)]," this is not a complete bar to contemporaneous claims under both § 502(a)(1)(B) and 502(a)(3). *Id.* at 615.

As Defendant recognizes in its argument, "several exceptions have emerged" to *Wilkins*' bar on concurrenty claims under §§ 502(a)(1)(B) and (a)(3). *Rochow v. Life Ins. Co. of Am.*, 737 F.3d 415, 424 (6th Cir. 2013) *vacated* by *Rochow v. Life Ins. Co. of Am.*, No. 12-2074, 2014 U.S. App. LEXIS 3158 (6th Cir. Feb. 19, 2014) *pending hearing en banc*. For instance, *Hill v. Blue Cross Blue Shield of Mich.*, finds an exception where "only injunctive relief of the type available under [§ 502(a)(3)] will provide complete relief sought." 409 F.3d 710, 718 (6th Cir. 2005). Recently, in *Rochow*, a case with striking factual similarities to the current dispute, the Sixth Circuit concluded that such a "case is a logical

extension of the *Hill* exception to *Varity* and *Wilkins* because [§ 502(a)(1)(B)] cannot provide" complete relief to all of a plaintiff's injuries. *Rochow*, 737 F.3d at 425. According to *Rochow's* reasoning, unjust enrichment of a plan fiduciary through a breach of duty is an injury that is separate and distinct from the one underlying a denial of benefits; one that only § 502(a)(3) can provide relief for. *Id.*

However, as Plaintiff notes in his response, the *Rochow* decision has been vacated pending hearing *en banc* that was recently held. (Plaintiff's Response to Defendant's Motion to Dismiss, Doc. 17, p. 5 n.1) Thus, while the *Rochow* decision is not binding at this time, given the impending precedent that may be directly on point, prudence would dictate preserving the issue until that time.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendant's motion to dismiss for failure to state a claim to relief (Docket Entry 13) be **DENIED** without prejudice to refile at a later date.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 15th day of August, 2014.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge